**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　　　　*Plaintiff-Appellee,*

　　　　　　v.

THORNTON RICE,
　　　　　　*Defendant-Appellant.*

No. 02-4334

UNITED STATES OF AMERICA,
　　　　　　　　*Plaintiff-Appellee,*

　　　　　　v.

ANNIE RUTH FERGUSON, a/k/a
Cookie,
　　　　　　*Defendant-Appellant.*

No. 02-4348

Appeals from the United States District Court
for the District of South Carolina, at Spartanburg.
G. Ross Anderson, Jr., District Judge.
(CR-01-886)

Submitted: November 26, 2002

Decided: January 3, 2003

Before WILKINS, TRAXLER, and KING, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

William H. Ehlies, II, Greenville, South Carolina; Janis Richardson Hall, Greenville, South Carolina, for Appellants. Elizabeth Jean Howard, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

In these consolidated appeals, Thornton Rice and Annie Ruth Ferguson appeal their convictions and 130-month and 60-month custodial sentences, respectively, following the district court's acceptance of their guilty pleas to one count of conspiring to distribute cocaine in violation of 21 U.S.C. § 846 (2000). In their briefs filed by counsel pursuant to *Anders v. California*, 386 U.S. 738 (1967), Rice and Ferguson each challenge the district court's decision to sentence them at the low end of the relevant guidelines range. Ferguson's brief also challenges the adequacy of the district court's colloquy pursuant to Fed. R. Crim. P. 11.* Finding no error, we affirm.

First, our review of the record indicates that both Rice and Ferguson were sentenced at the low end of a properly calculated guidelines range. Such challenges to a court's exercise of discretion in setting a sentence within a properly calculated sentencing range are not

---

*Rice and Ferguson filed pro se supplemental briefs raising additional issues. However, we find Rice's contention that the Bureau of Prisons improperly extended his sentence by seven months inappropriate, as the additional seven months Rice identifies are attributable to a separate sentence imposed for his violation of his supervised release. Nor do we find merit in Ferguson's challenge to the adequacy of her indictment.

reviewable on appeal. *United States v. Porter*, 909 F.2d 789, 794 (4th Cir. 1990).

Second, our review of Ferguson's Rule 11 colloquy indicates that the district court properly ascertained that Ferguson was competent to enter a plea, reviewed the nature of the charges against her, the rights she would forego by pleading guilty, and her potential sentence. Because the court's colloquy with Ferguson indicates her plea was knowingly and voluntarily entered, we find no error. *See United States v. Puckett*, 61 F.3d 1092, 1099 (4th Cir. 1995); *United States v. DeFusco*, 949 F.2d 114 (4th Cir. 1991).

As required by *Anders*, we have reviewed the entire record and have found no meritorious issues for appeal. We therefore affirm both Rice's and Ferguson's convictions and sentences. The court requires that counsel inform their clients, in writing, of their right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*